UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-CV-00901-JGB-DFM | Date: | April 7, 2026 |
|---|---|---|---|
| Title | Amrinder Singh v. Desert View Facility et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) Order to Show Cause Re: Mootness**

Petitioner Amrinder Singh filed a federal habeas petition and an ex parte application for temporary restraining order. See Dkts. 1 ("Petition"), 3 ("TRO"). Petitioner sought immediate release from ICE custody or in the alternative, an individualized bond hearing. See Petition at 14.

On March 2, 2026, the District Judge granted the TRO, finding Petitioner "entitled to a preliminary injunction and ORDERS that Government to release Petitioner from its custody immediately." Dkt. 9. According to Respondent, Petitioner was subsequently released from ICE detention on March 3, 2026. See Dkt. 11, Ex. 1.

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual, ongoing cases or controversies.'" United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.) (citation omitted), cert denied, 145 S. Ct. 459 (2024). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citation omitted). This may occur when interim relief deprives the Court of the ability to redress the party's injuries. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987).

"For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). "Collateral consequences 'create concrete legal disadvantages.'" Alam v. Carter, 843 F. App'x 953, 954 (9th Cir. 2021) (citation omitted). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Abdala, 488 F.3d at 1064.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Here, Petitioner alleged that he was unlawfully re-detained without a pre-deprivation hearing or opportunity to contest the legal basis for his re-detention. Petitioner has been released from custody and thus appears to have received all the relief he requested. See Jazrawi v. Wolf, No. 20-2338, 2021 WL 2916876, at *2 (S.D. Cal. July 12, 2021) ("[T]he Petition no longer presents a live case or controversy because the Court cannot order effective relief beyond what Respondents have already provided.").

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within fourteen (14) days why his Petition should not be dismissed as moot. Failure to respond may result in dismissal.